

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 16, 1974

The Honorable Clayton T. Garrison
Executive Director,
Texas Parks and Wildlife Department
John H. Reagan Building
Austin, Texas 78701

Opinion No. H- 306

Re:  Whether H.B. 833,
     63rd Leg., modified
     or repealed Article
     9521-12, V.T.C.S.

Dear Mr. Garrison:

You have asked whether House Bill 833 of the 63rd Legislature
(Acts 1973, 63rd Leg., R.S., ch. 220, p. 515) the 1973 amendment to
the Uniform Wildlife Regulatory Act, Article 978j-1, Vernon's Texas
Penal Code, Auxiliary Laws, modifies or repeals Article 9521-12,
Vernon's Texas Penal Code, Auxiliary Laws, the penal statute regu-
lating the taking of fish from bays and others waters in Calhoun
County.

Article 9521-12 was first enacted in 1963 to be effective September 1,
1964 (Acts 1963, 58th Leg., ch. 230, p. 624).

Section 1 of the Uniform Wildlife Regulatory Act makes it specifically
applicable to Calhoun County but Sec. 3(c)(6) of the Act excepts from the
term "wildlife resources" salt water species located in Calhoun County
and two others.  This Act was first adopted in 1967 (Acts 1967, 60th Leg.,
ch. 730, p. 1959).  By its Sec. 15, Article 9521-12, supra, expressly
was saved from repeal.

Thus, prior to the enactment of H.B. 833 in 1973, fishing for salt
water fish in the waters of Calhoun County was regulated by Article 9521-12
and not by Article 978j-1.

House Bill 833, supra, contained three sections.  Section 2 amended
Article 947 of the then existing Penal Code.  Section 3 was the emergency
clause.  Only Sec. 1 is pertinent.  It amends the Uniform Wildlife Regu-
latory Act (Article 978j-1, supra) by adding a new Sec. 1A as follows:

p. 1418

> "Sec. 1A.  (a)  Except as provided in Subsection (b)
> of this section, this Act applies to all coastal waters
> in this state with respect to fish, aquatic life, and
> marine animals.
>
> "(b)  Subsection (a) of this section does not apply
> to shrimp and oysters or to Harris,  Galveston,
> Chambers, and Victoria Counties. "

House Bill 833 did not contain any repealer clause.

In Attorney General Opinion H-112 (1973) we determined the Legis-
lative intent to be that the exclusion of shrimp and oysters of Subsection (b)
applies only to those coastal waters to which coverage of the Regulatory
Act was extended by Subsection (a), i. e. , to those not previously covered.
The coastal waters of Calhoun County were not covered under the Regu-
latory Act and, in our opinion such coverage was extended to those waters
by House Bill 833.

When there are two statutes dealing with the same general subject,
the rules of interpretation are well established.  Thus, in  53
Tex. Jur. 2d, Statutes, Sec. 186,  p. 280, et seq. , with ample support
in the cases, it is said:

> "It is a settled rule of statutory interpretation
> that statutes that deal with the same general subject,
> have the same general purpose, or relate to the
> same person or thing or class of persons or things,
> are considered as being in pari materia  though
> they contain no reference to one another, and
> though they were passed at different times or at
> different sessions of the legislature.
>
> "In order to arrive at a proper construction of a
> statute, and determine the exact legislative intent,
> all acts and parts of acts in pari materia will, there-
> fore, be taken, read, and construed together, each
> enactment in reference to the other, as though they

were parts of one and the same law.  Any con-
flict between their provisions will be harmonized,
if possible, and effect will be given to all the pro-
visions of each act if they can be made to stand
together and have concurrent efficacy. "

Article 9521-12, supra, deals with the manner in which fish are caught.
The Regulatory Act, on the other hand, is more concerned with conser-
vation of wildlife resources than in regulating the manner of their taking.
We find no inherent conflict between the two.  They can easily be made
to stand together.

We, therefore, answer your question that House Bill 833 of the 63rd
Legislature, amending Article 978j-1, Vernon's Texas Penal Code,
Auxiliary Laws, did not modify or repeal Article 9521-12, Vernon's
Texas Penal Code, Auxiliary Laws.

### SUMMARY

An amendment to the Wildlife Regulatory Act making
it applicable to coastal waters of Calhoun County did not
modify or repeal Article 9521-12, Vernon's Texas
Penal Code, Auxiliary Laws, which governs the manner
of taking fish in those waters.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee